UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARCY TOLBERT(1) | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.   15-cv-00735-GKF-TLW ) |
| EAN HOLDINGS, LLC(1) | ) ) |
| Defendant. | ) ) ) |

### NOTICE OF REMOVAL

Defendant EAN Holdings, LLC ("EAN"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Northern District of Oklahoma and as ground therefore states:

**I.   TIMELINESS OF REMOVAL**

1. On or about May 4, 2015, Plaintiff Darcy Tolbert ("Plaintiff") filed a civil action against EAN in the District Court of Tulsa County, Oklahoma, Case No. CJ-2015-01720. The original Petition was never served on Defendant, but an Amended Petition was filed on November 30, 2015. A complete copy of the State Court file is attached hereto as Exhibit A, as required under 28 U.S.C § 1446(a). These are the only process, pleadings or orders served on EAN in this action.

2. EAN was served with the Petition on December 3, 2015, when EAN's counsel voluntarily accepted process of Plaintiff's First Amended Petition.

3. EAN is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.  VENUE

4. The District Court of Tulsa County is located within the Tulsa Division of the Northern District of Oklahoma 28 U.S.C. § 116. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## III.  BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

5. This action is properly removable under 28 U.S.C. §1441(b), because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's Amended Petition alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Family and Medical Leave Act, 29 U.S.C. §2611 ("FMLA"), and asserts related claims under the Oklahoma Anti-Discrimination Act under 25 O.S. §§ 1302 *et seq.* for pregnancy discrimination and retaliation.

7. By asserting claims under federal law, Plaintiff's Amended Petition asserts a federal question under 28 U.S.C. §1331 and therefore is removable under 28 U.S.C. §1441(a). This Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties.

## IV.  SUPPLEMENTAL JURISDICTION

8. This Court has supplemental jurisdiction over Plaintiff's state law claims for race, sex and pregnancy discrimination and retaliation. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they

share with the federal claims "a common nucleus of operative fact ... such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Here, Plaintiff's state law claims for state law claims for discrimination and retaliation relate closely to her Title VII and FMLA claims. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and termination from EAN. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.   CONCLUSION

10. EAN has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

11. In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court of Tulsa County, Oklahoma.

12. By removing this matter, EAN does not waive or intend to waive any defense including, but not limited to, insufficiency of process and/or insufficiency of service of process.

WHEREFORE, Defendant EAN Holdings, LLC respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove it from

the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

/s/ *William M. Lawson*
William M. Lawson (pending pro hac admission)
Nathan J. Harris (pending pro hac admission)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
314.802.3935
314.802.3960 *(facsimile)*
william.lawson@ogletreedeakins.com
nathan.harris@ogletreedeakins.com

## CERTIFICATE OF SERVICE

      I certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties. In addition, I hereby certify that on _____, the foregoing was served via First Class U.S. Mail upon the following:

OXFORD LEHR, PLLC
Benjamin Oxford
Hans Otto Lehr
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
*Attorneys for Plaintiff*

                                                         /s/ William M. Lawson

22281731.1