

# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

DARCY TOLBERT,
          Plaintiff,
v.
EAN HOLDINGS (ENTERPRISE HOLDINGS) a
foreign, for profit company,
          Defendant.

No. CJ-2015-1720
(Civil relief more than $10,000: WRONGFUL TERMINATION)

Filed: 05/04/2015

Judge: Wall, Caroline

## PARTIES

EAN HOLDINGS, Defendant
TOLBERT, DARCY, Plaintiff

## ATTORNEYS

**Attorney**

Lehr, Hans Otto   (Bar #30622)
9 East 4th Street, Suite 600
Tulsa, OK 74103

**Represented Parties**

TOLBERT, DARCY

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**      Issue: WRONGFUL TERMINATION (TERMINATE)
                    Filed By: TOLBERT, DARCY
                    Filed Date: 05/04/2015

              **Party Name**          **Disposition Information**



EXHIBIT
A

| Party Name | Disposition Information |
|---|---|
| **Defendant:** | |
| EAN HOLDINGS | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-04-2015 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 05-04-2015 | TERMINATE | WRONGFUL TERMINATION | | | |
| 05-04-2015 | DMFE | DISPUTE MEDIATION FEE | | | $ 2.00 |
| 05-04-2015 | PFE1 | PETITION <br> Document Available (#1029450240) 📄TIFF 📄PDF | | | $ 163.00 |
| 05-04-2015 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 05-04-2015 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 05-04-2015 | CCADMIN02 | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS | | | $ 0.20 |
| 05-04-2015 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 2.00 |
| 05-04-2015 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 05-04-2015 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 05-04-2015 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 05-04-2015 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 5.00 |
| 05-04-2015 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 05-04-2015 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CHAPPELLE, CARLOS TO THIS CASE. | | | |
| 05-04-2015 | ACCOUNT | RECEIPT # 2015-3085281 ON 05/04/2015. PAYOR:OXFORD LEHR TOTAL AMOUNT PAID: $218.70. LINE ITEMS: CJ-2015-1720: $168.00 ON AC01 CLERK FEES. CJ-2015-1720: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2015-1720: $0.70 ON AC31 COURT CLERK REVOLVING FUND. CJ-2015-1720: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2015-1720: $2.00 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2015-1720: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2015-1720: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2015-1720: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | |
| 06-11-2015 | TEXT | ADMINISTRATIVELY REASSIGNED BY AOC MIS PER HELP DESK INCIDENT 43676 | | | |
| 11-05-2015 | APLI | PLAINTIFF'S APPLICATION FOR EXTENSION OF TIME / A TO J / <br> Document Available (#1031527082) 📄TIFF 📄PDF | | TOLBERT, DARCY | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 11-20-2015 | CTFREE | WALL, CAROLINE; GRANTED/ORDER; PLAINTIFF IS DIRECTED TO AMEND HER PETITION AND TO OBTAIN SERVICE OF PROCESS ON DEFENDANT WITHIN TWO WEEKS OF THE DATE OF THIS ORDER. | | | |
| 11-30-2015 | AMP | PLAINTIFF'S FIRST AMENDED PETITION Document Available (#1031729857) TIFF PDF | | TOLBERT, DARCY | |

DISTRICT COURT

# F I L E D

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

NOV 3 0 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**DARCY TOLBERT**

             **Plaintiff,**

**v.**

**EAN HOLDINGS (ENTERPRISE HOLDINGS)**
**A foreign, for profit company**

             **Defendant.**

**Case No. CJ-2015-1720**
**Judge Caroline Wall**

**Jury Trial Demanded**
**Attorney Lien Claimed**

## PLAINTIFF'S FIRST AMENDED PETITION

**COMES NOW**, the Plaintiff Darcy Tolbert ("Plaintiff") and for her petition against EAN

Holdings (hereafter "Enterprise") states as follows:

    1.     Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

    2.     Enterprise is a foreign limited liability company, organized under the laws of the

Delaware but operating in Tulsa County, State of Oklahoma.

    3.     The events giving rise to this petition took place in Tulsa County, State of Oklahoma.

    4.     The Plaintiff timely submitted her Charge of Discrimination with the Equal

Employment Opportunity Commission alleging discrimination under Title VII of the Civil Rights

Act of 1964 and was issued a Dismissal and Notice of Suit Rights on February 5, 2105. **Exhibit 1**.

## FACTS PERTINENT TO ALL CLAIMS

    5.     Enterprise is an "employer" as defined by Title VII of the Civil Rights Act of 1964,

42 U.S.C.A. § 2000e, *et seq.* ("Title VII"), as Enterprise employed more than fifteen (15) people for

the statutorily required period.

6.      The Plaintiff was an "employee" of Enterprise as defined by Title VII, and Enterprise employed the Plaintiff. There are no applicable exemptions.

7.      Enterprise hired Plaintiff in April, 2013.

8.      In August 2013, the Plaintiff informed Enterprise she was pregnant, and was told to start completing her FMLA paperwork.

9.      Shortly thereafter, the Plaintiff learned of pregnancy problems. Her baby had heart problems that needed to be evaluated by a fetal specialist.

10.     The Plaintiff at this time was not eligible for FMLA leave. Between the regular appointments associated with her pregnancy and her fetal specialist appointments, the Plaintiff quickly exhausted her permitted time off.

11.     In late 2013 Enterprise hired Jonathan Wilson ("Wilson") to serve as the Human Resources Generalist.

12.     Even though Wilson insisted he wanted to work with the Plaintiff regarding her situation, Wilson gave Plaintiff a written disciplinary action in January 2014 regarding her absences, which precluded the Plaintiff from receiving pay raises and drastically diminished the likelihood that she would advance within the company.

13.     Wilson then took away the Plaintiff's compressed work week and in effect, took away the Plaintiff's ability to meet her performance goals.

14.     The aggregate of these new policies created a hostile work environment, such that Plaintiff could not continue her employment with Enterprise.

## COUNT ONE: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

For her First Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

15.     Plaintiff was protected from adverse treatment based upon her sex and more particularly on the basis of her pregnancy as enumerated in 42 U.S.C. §2000e(k).

16.     Once Enterprise learned of the Plaintiff's pregnancy, it became a catalyst for write-ups and scheduling limitations, which precluded the Plaintiff's advancement.

17.     As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

18.     Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT TWO: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT

For her Second Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

19.     Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1302, *et. seq.* (the "OADA"), and discriminated against by Enterprise on the basis of her sex, and in accordance with §1301(6), her pregnancy.

20.     The acts and omissions complained of throughout were motivated in full or in part by discrimination, which is contrary to the OADA.

3

21.     In treating the Plaintiff differently then other employees because of both her sex and retaliating against the Plaintiff by adverse treatment that lead to constructive termination of her employment, Enterprise did violate the OADA.

22.     As a direct and proximate result of the Enterprise's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

23.     The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Oklahoma law.

24.     Enterprise's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from Enterprise.

### COUNT THREE: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

For her Third Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

25.     Plaintiff was protected from retaliatory treatment based on the assertion of her rights under 29 U.S.C.A. §2615.

26.     Enterprise discriminated and retaliated against the Plaintiff after she sought to enforce her rights under FMLA.

27.     As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of

4

enjoyment of life, and damage to reputation.

28.     Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.


**WHEREFORE**, Plaintiff, Darcy Tolbert, prays the Court enter judgment against Enterprise and award her damages in an amount in excess of $75,000.00, along with all further relief this Court deems just and equitable including but not limited to, back pay, liquidated damages, punitive damages, attorney's fees and costs, pursuant to the provision of Title 25 Okla. St. Ann. §1350.



By:     _____

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel:    (918) 884-6016
Fax:    (888) 424-7080





**DISTRICT COURT**
**FILED**

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

NOV 0 5 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

DARCY TOLBERT

                  **Plaintiff,**

v.

EAN HOLDINGS (ENTERPRISE HOLDINGS)
A foreign, for profit company

                  **Defendant.**

**Case No. CJ – 2015 – 1720**
**JUDGE CAROLINE WALL**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

### PLAINTIFF'S APPLICATION FOR EXTENSION OF TIME

    COMES NOW, the Plaintiff Darcy Tolbert ("Plaintiff") and for her application for extension of time to serve the Defendant EAN Holdings, states as follows:

1.    Plaintiff filed this action on May 4, 2015, providing a deadline for service of October 31, 2015.

2.    Due to clerical errors of the Plaintiff Counsel, service of process has not been effectuated by the given deadline. However, Plaintiff now wishes to dismiss her claims of race discrimination, and to amend the Petition to reflect the same. Plaintiff may accomplish this amendment and to obtain service of the amended petition within two weeks.

3.    Plaintiff respectfully requests this Court grant her extension of time for service, and to further allow her to amend her petition to reflect dismissal of the claims of race discrimination. Should this Court deny her request, she will be prejudiced to the extent some of her federal claims are not subject to the Oklahoma Savings Statute, and even though the Court may dismiss the claims without prejudice, her claims would still be time barred.



4.      The Defendant will not be prejudiced by this extension of time, as they are aware of this lawsuit, and the extension of time is minimal.

WHEREFORE, the Plaintiff respectfully requests this Court grant her request for extension of time to obtain service of process upon the Defendant.


By:    _____

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel:    (918) 884-6016
Fax:    (888) 424-7080

2



*1029450240*

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

DARCY TOLBERT

                **Plaintiff,**

v.

EAN HOLDINGS (ENTERPRISE HOLDINGS)
A foreign, for profit company

                **Defendant.**

DISTRICT COURT
# FILED

MAY - 4 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## CJ-2015-01720

## CARLOS J. CHAPPELLE

### PETITION

      **COMES NOW**, the Plaintiff Darcy Tolbert ("Plaintiff") and for her petition against EAN

Holdings (hereafter "Enterprise") states as follows:

      1.     Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

      2.     Enterprise is a foreign limited liability company, organized under the laws of the

Delaware but operating in Tulsa County, State of Oklahoma.

      3.     The events giving rise to this petition took place in Tulsa County, State of Oklahoma.

      4.     The Plaintiff timely submitted her Charge of Discrimination with the Equal

Employment Opportunity Commission alleging discrimination under Title VII of the Civil Rights

Act of 1964 and was issued a Dismissal and Notice of Suit Rights on February 5, 2105. Exhibit 1.

### FACTS PERTINENT TO ALL CLAIMS

      5.     Enterprise is an "employer" as defined by Title VII of the Civil Rights Act of 1964

42 U.S.C.A. § 2000e, *et seq*. ("Title VII"), as Enterprise employed more than fifteen (15) people for

the statutorily required period.

6.    The Plaintiff was an "employee" of Enterprise as defined by Title VII, and Enterprise employed the Plaintiff. There are no applicable exemptions.

7.    Enterprise hired Plaintiff in April, 2013.

8.    In August 2013, the Plaintiff informed Enterprise she was pregnant, and was told to start completing her FMLA paperwork.

9.    Shortly thereafter, the Plaintiff learned of pregnancy problems. Her baby had heart problems that needed to be evaluated by a fetal specialist.

10.    The Plaintiff at this time was not eligible for FMLA leave. Between the regular appointments associated with her pregnancy and her fetal specialist appointments, the Plaintiff quickly exhausted her permitted time off.

11.    In late 2013 Enterprise hired Jonathan Wilson ("Wilson") to serve as the Human Resources Generalist. Wilson is an African American male.

12.    Even though Wilson insisted he wanted to work with the Plaintiff regarding her situation, Wilson gave Plaintiff a written disciplinary action in January 2014 regarding her absences, which precluded the Plaintiff from receiving pay raises and drastically diminished the likelihood that she would advance within the company.

13.    Wilson then took away the Plaintiff's compressed work week and in effect, took away the Plaintiff's ability to meet her performance goals.

14.    The aggregate of these new policies created a hostile work environment, such that Plaintiff could not continue her employment with Enterprise.

2

## COUNT ONE: VIOLATION OF TITLE VII- RACE

For her First Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

15.    Plaintiff was protected from discrimination on the basis of her race.

16.    Enterprise discriminated against the Plaintiff during the course of her employment by adopting policies and procedures that specifically targeted the Plaintiff and precluded her from being able to effectively meet her performance goals.

17.    As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

18.    Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT TWO: VIOLATION OF 42 U.S.C. §1981

For her Second Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

19.    Plaintiff is protected from employment discrimination by Enterprise based upon both her race under 42 U.S.C. §1981.

20.    Enterprise's adverse actions against the Plaintiff were based upon her race, color, and national origin, and Plaintiff is entitled to all remedies available under 42 U.S.C. §1981.

21.    Plaintiff is protected against employment discrimination based upon her sex under 42

3

U.S.C. §1981(a).

22.    Enterprise's adverse treatment was motivated by her pregnancy and impending child and the Plaintiff is entitled to all remedies available under 42 U.S.C. §1981(a).

23.    Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT THREE: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

For her Third Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

24.    Plaintiff was protected from adverse treatment based upon her sex and more particularly on the basis of her pregnancy as enumerated in 42 U.S.C. §2000e(k).

25.    Once Enterprise learned of the Plaintiff's pregnancy, it became a catalyst for write-ups and scheduling limitations, which precluded the Plaintiff's advancement.

26.    As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

27.    Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

## COUNT FOUR: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT

For her Fourth Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

4

28.     Plaintiff was deprived of her rights under Oklahoma law, in particular 25 O.S. §§1302, *et. seq.* (the "OADA"), and discriminated against by Enterprise on the basis of her race, sex, and in accordance with §1301(6), her pregnancy.

29.     The acts and omissions complained of throughout were motivated in full or in part by discrimination, which is contrary to the OADA.

30.     In treating the Plaintiff differently then other employees because of both her race and sex and retaliating against the Plaintiff by adverse treatment that lead to constructive termination of her employment, Enterprise did violate the OADA.

31.     As a direct and proximate result of the Enterprise's discriminatory acts and omissions, the Plaintiff has suffered compensable injuries under the OADA and its enumerated public policy under *Burk v. K-Mart Corp.*, 1989 OK 22,  770 P.2d 24.

32.     The Plaintiff sustained lost wages, loss employment-provided benefits, emotional distress, mental anguish, fear of the future, humiliation, and other compensable and pecuniary damages which are recoverable under the Oklahoma law.

33.     Enterprise's actions were intentional, willful, wanton and malicious, entitling the Plaintiff to recover punitive damages from Enterprise.

## COUNT FIVE: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

For her Fifth Count against Enterprise, the Plaintiff adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

34.     Plaintiff was protected from retaliatory treatment based on the assertion of her rights under 29 U.S.C.A. §2615.

35.     Enterprise discriminated and retaliated against the Plaintiff after she sought to enforce

5

her rights under FMLA.

36.     As a result of Enterprise's wrongful actions, Plaintiff has sustained a loss of employment, loss of wages, loss of benefits and other compensation, loss of seniority, loss of career path, loss of future wages and benefits, and other compensatory damages, including without limitation, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to reputation.

37.     Enterprise's actions were reckless, egregious, and malicious to the extent that Plaintiff is entitled to punitive damages.

**WHEREFORE,** Plaintiff, Darcy Tolbert, prays the Court enter judgment against Enterprise and award her damages in an amount in excess of $75,000.00, along with all further relief this Court deems just and equitable including but not limited to, back pay, liquidated damages, punitive damages, attorney's fees and costs, pursuant to the provision of Title 25 Okla. St. Ann. §1350.

By: _____

BENJAMIN OXFORD, OBA #22259
HANS OTTO LEHR, OBA# 30622
OXFORD LEHR, PLLC
9 East 4th Street, Suite 600
Tulsa, OK 74103
ben@oxfordlehr.com
hans@oxfordlehr.com
Tel:    (918) 884-6016
Fax:    (888) 424-7080

6

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DARCY TOLBERT

              **Plaintiff,**

v.

EAN HOLDINGS (ENTERPRISE HOLDINGS)
A foreign, for profit company

              **Defendant.**

Case No. **CJ-2015-01720**

### SUMMONS

Appointed to Serve. PSL# _____

Authorized by _____

To the above named Defendant:

      You have been sued by the above named Plaintiffs, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiffs.

      Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

      Issued this 4 day of March, 2015.

(Seal)

          Sally Howe Smith, Tulsa County Court Clerk

          By _____
              Deputy Court Clerk

THIS SUMMONS WAS SERVED ON _____

(Date of Service)


_____

(Signature of person serving Summons)


    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.