**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARCY TOLBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 15-CV-735-GKF-TLW |
| ) | |
| EAN SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Dkt. #11] of defendant EAN Services, LLC ("EAN"). Plaintiff Darcy Tolbert is a former employee of EAN. She alleges that the company discriminated against her on the basis of her sex (specifically, because of her pregnancy), in violation of 42 U.S.C. § 2000e-2 and 25 Okla. Stat. § 1302, and retaliated against her for requesting leave under the Family Medical Leave Act ("FMLA"), in violation of 29 U.S.C. § 2615. EAN moves to dismiss Tolbert's amended petition.[1] It contends that she failed to properly exhaust her sex discrimination claims and that her FMLA action fails to state a claim upon which relief can be granted.

**I.      FACTUAL ALLEGATIONS**

EAN hired Tolbert in April 2013. In August 2013, she informed the company that she was pregnant and was told to start completing her FMLA paperwork. Shortly thereafter, she encountered complications with her pregnancy which required evaluation by a fetal specialist.

During this time, Tolbert was not eligible for FMLA leave. Between her regularly scheduled doctor appointments and her fetal specialist appointments, she quickly exhausted her

---

[1] EAN removed this case from state court.

permitted time off. In January 2014, Jonathan Wilson, EAN's Human Resources Generalist, cited Tolbert for disciplinary action regarding her absences. Such discipline precluded her from receiving pay raises and drastically diminished the likelihood that she would advance within the company. Wilson also revoked plaintiff's compressed work week, which effectively prevented her from meeting her performance goals. According to Tolbert, the aggregate of these new policies created a hostile work environment, such that she could not continue her employment with EAN. She further alleges that this adverse treatment was because of her pregnancy and because she was planning to take FMLA-qualifying leave.

## II. DISCUSSION

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" "are not entitled to the assumption of truth." *Id.* at 678-79.

EAN asserts two arguments in its motion to dismiss. It first contends that Tolbert's FMLA action fails to state a claim because her requested leave was set to commence before she was eligible to take FMLA leave. Second, it submits that she failed to timely exhaust her sex discrimination claims and thus that dismissal is required. The court addresses these issues in turn.

### A. *FMLA Retaliation*

The FMLA entitles an "eligible employee" to twelve weeks of unpaid leave during any one-year period "[b]ecause of the birth of a son or daughter of the employee." 29 U.S.C. § 2612(A)(1)(a). An "eligible employee" is one "who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested," and "(ii) for at least 1,250 hours of service with such employer during the previous 12-month period." *Id.* § 2611(2)(A). Where, as here, "the necessity for leave . . . is foreseeable based on an expected birth, the employee [must] provide [his or her] employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take" FMLA-qualifying leave. *Id.* § 2612(e)(1).

"The FMLA makes it unlawful for an employer to retaliate against an employee for exercising her rights to FMLA leave." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012); *accord* 29 U.S.C. § 2615(a)(2). "A prima facie case of retaliation requires a showing that (1) the employee engaged in a protected activity, (2) the employer took an action that a reasonable employee would have found materially adverse, and (3) there is a causal connection between the" two. *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1229 (10th Cir. 2012). "[N]otifying an employer of the intent to take FMLA leave [constitutes] protected activity." *Wehrley v. Am. Family Mut. Ins. Co.*, 513 Fed. App'x 733, 742 (10th Cir. 2013); *accord Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1016 (8th Cir. 2013).

Here, EAN submits that Tolbert's FMLA action fails to state a claim because her requested leave was set to commence *before* she had been employed with the company for twelve (12) months, that is, before she was eligible for FMLA leave. In making this argument, EAN asks the court to consider matters outside the pleadings. In particular, it points to Tolbert's

application for FMLA leave, showing that her requested leave was set to commence four days before her one-year anniversary with the company.  In response, Tolbert asserts that her request was for *post*-eligibility leave and, thus, that her amended petition is sufficient to state a claim for retaliation under the FMLA.

Where, as here, matters outside the pleadings are presented in support of a Rule 12(b)(6) motion, "the court must either exclude the extraneous materials or treat the motion as one for summary judgment."  *Pavatt v. Jones*, No. CIV-10-141-F, 2010 WL 7609469, at *1 (W.D. Okla. May 6, 2010); *accord* Fed. R. Civ. P. 12(d).[2]  "Under Rule 12(d), a court has broad discretion to refuse to accept the extra-pleading materials and resolve the motion solely on the basis of the pleading itself."  *Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1157 (D.N.M. 2013); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).  Here, the court exercises its discretion to exclude EAN's extra-pleading material because, even without it, Tolbert's amended petition fails to allege a plausible claim of FMLA retaliation.  In particular, Tolbert has not alleged any facts that would allow the court to infer she was eligible for the leave requested or, more precisely, that EAN discriminated against her for requesting post-eligibility leave.  *See Canfield v. Overhead Door Co. of Tulsa*, No. 05-CV-714-JHP(FHM), 2006 WL 850951, at *1 (N.D. Okla. Mar. 31, 2006) (dismissing FMLA action for failure to state a claim where plaintiff had "not alleged facts to show whether he [was] an 'eligible employee'"); *accord Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247-48 (11th Cir. 2015); *Ghawanmeh v. Islamic Saudi Acad.*, 672 F. Supp. 2d 3, 14 (D.D.C. 2009).  She, for example, does not allege when, specifically, she started working for EAN, how many hours per week she worked, or when

---

[2] Tolbert did not append any documents to either her original petition or her amended petition, despite a reference to an Exhibit 1.

her requested FMLA leave was to start and end. Without this information, the court cannot plausibly infer that Tolbert was (or would have been) eligible for any of the leave she requested, much less that EAN discriminated against her for taking such leave. The court, therefore, grants EAN's motion to dismiss Tolbert's FMLA retaliation claim without prejudice.

### B.  *Sex Discrimination*

Both Title VII and the Oklahoma Anti-Discrimination Act ("OADA") prohibit employers from discharging or otherwise discriminating against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's sex. *See* 42 U.S.C. § 2000e-2; 25 O.S. § 1302. Under both statutes, this prohibition extends to discrimination on the "basis of pregnancy, childbirth, or related medical conditions." *See* 42 U.S.C. § 2000e(k); 25 O.S. § 1301(6).

As a precondition to suit, both Title VII and the OADA require that a plaintiff exhaust administrative remedies via the filing of a charge of discrimination. *See* 42 U.S.C. § 2000e–5(e)(1); 25 O.S. § 1350(B). Title VII requires a plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act or within 300 days if the plaintiff has initially instituted proceedings with an analogous state or local agency. 42 U.S.C. § 2000e-5(e)(1); *accord Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012). Similarly, the OADA requires a plaintiff to file a charge of discrimination with either the EEOC or Oklahoma Attorney General's Office within 180 days from the last date of alleged discrimination. 25 O.S. § 1350(B). A filing constitutes a charge if it (1) includes all of "the information required by [EEOC] regulations, *i.e.*, an allegation [of discriminatory acts] and the name of the charged party," and (2) can "reasonably [be] construed as a request for the agency to take remedial action to protect the employee's rights or

otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

As previously noted, Tolbert alleges that EAN discriminated against her on the basis of her sex (specifically, because of her pregnancy), in violation of Title VII and the OADA. In response, EAN moves to dismiss these claims, submitting that Tolbert's charge of discrimination was untimely.

Before addressing EAN's motion, the court first must determine whether the company's argument is properly analyzed as a merits question under Rule 12(b)(6) or question of subject matter jurisdiction under Rule 12(b)(1). Under Title VII, the *filing* of an EEOC charge is a jurisdictional requirement, analyzed under Rule 12(b)(1), whereas the *timely* filing of EEOC charge is a condition precedent to suit, analyzed under Rule 12(b)(6). *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (explaining that "failure to file an administrative charge at all . . . is a jurisdictional bar," whereas the "failure to *timely* file an administrative charge . . . is not" (emphasis in original)); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007) ("[T]he obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry."); *Barrett v. Rumsfeld*, 158 Fed. App'x 89, 91 (10th Cir. 2005) (holding that a motions to dismiss for failure to satisfy a condition precedent to suit is analyzed under Rule 12(b)(6)). Here, there is no dispute that Tolbert filed an EEOC charge. The only question is whether it was timely. The court, therefore, will review this issue under Rule 12(b)(6).

As for plaintiff's OADA action, the statute provides that the timely filing of a charge is required "[i]n order to have standing in a court of law to allege discrimination arising from an employment-related matter." 25 O.S. § 1350(B). Oklahoma courts treat this requirement as

jurisdictional. *See Shackelford v. Oklahoma Dep't of Corr. ex rel. State*, 182 P.3d 167, 168 (Okla. Civ. App. 2007).[3] Whether a state jurisdictional requirement is also considered jurisdictional in federal court is an issue that has divided the lower federal courts. *See Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 624 (8th Cir. 2008) (collecting cases on the circuit split).[4] Nonetheless, the Tenth Circuit has indicated that such requirements should also be treated as jurisdictional in federal court. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) ("[F]ederal courts will not exercise diversity jurisdiction over non-cognizable state claims."). The court, therefore, will review EAN's challenge to the timeliness of Tolbert's OADA claim under Rule 12(b)(1).

1. Title VII Claim

The court starts with Tolbert's Title VII claim. EAN submits that that Tolbert filed her formal charge of discrimination with the EEOC at least fifteen (15) days after the expiration of the statute's 300-day limitation period and, thus, that her Title VII action fails to state a claim. In response, Tolbert contends that she submitted an intake questionnaire with the EEOC before the limitation period expired and that that filing met the minimum requirements to qualify as a

---

[3] Pursuant to Oklahoma Supreme Court Rule 1.200(d)(2), an opinion released for publication by order of the Oklahoma Court of Appeals shall be considered to have persuasive effect.

[4] *Compare, e.g.*, *Ebeh v. St. Paul Travelers*, 459 Fed. App'x 862, 864 (11th Cir. 2012) ("We have held that where Florida's circuit courts lack jurisdiction over an employee's work-related claims because of the Act, a federal district court also lacks jurisdiction to consider those claims . . . ." (citing *Connolly v. Maryland Cas. Co.*, 849 F.2d 525, 528 (11th Cir. 1988)), *with Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1315 (9th Cir. 1982) ("Although the states have the power to prevent the federal court from granting relief in a diversity case by denying the substantive right of action asserted, they 'have no power to enlarge or contract the federal jurisdiction.'" (citing *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961))), *and Johnson v. D.C.*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005) ("[S]tate administrative exhaustion requirement[s], even if treated as jurisdictional by state courts, cannot be jurisdictional in federal courts.").


charge. In support of this argument, Tolbert submits a letter from the EEOC, dated before the expiration of the 300-day period, confirming receipt of her intake questionnaire. The letter makes certain statements indicating that Tolbert's intake questionnaire meets all of the requirements necessary to constitute a charge, but other statements suggesting the opposite.[5] Notably, Tolbert has not submitted the actual intake questionnaire itself.

Here, the parties' respective arguments once again invite the court to consider matters outside the pleadings. The court again declines to do so. Tolbert has not submitted (and apparently does not currently possess) the actual intake questionnaire she sent to the EEOC. Although the letter she has offered indicates that her questionnaire would likely qualify as a charge, the letter's discussion of this issue is somewhat ambiguous. *See supra* note 5. Under such circumstances, the court exercises its discretion to exclude the parties' extra-pleading materials, which are incomplete, and to resolve EAN's motion solely on the basis of the amended petition.

Tolbert's allegations regarding the filing of her charge of discrimination consist of the following: "The Plaintiff timely submitted her Charge of Discrimination with the [EEOC] alleging discrimination under Title VII of the Civil Rights Act of 1964 and was issued a Dismissal and Notice of Suit Rights on February 5, [2015]." [Dkt. 2-1, p. 4]. Because the "obligation to demonstrate timeliness in filing a charge is a condition precedent to suit," *Montes*, 497 F.3d at 1167, the court analyzes this allegation under Rule 9(c)'s special pleading standard,

---

[5] [*Compare* Dkt. #19-1, p .1 ("Because the document that your client submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that your client filed a charge."), *with id.* ("Before we investigate your client's charge . . . , [she] must sign and return the enclosed [EEOC] Form [5, Charge of Discrimination]."), *and id.* ("Before we initiate an investigation, we must receive the signed Charge of Discrimination (EEOC Form 5).")].

*see Anderson v. United Tel. Co. of Kansas*, 933 F.2d 1500, 1505 (10th Cir. 1991) (noting, with approval, that Rule 9(c)'s "special pleading requirement has been applied to nonjurisdictional agency exhaustion requirements"); *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 111-12 (3d Cir. 2014); *Myers v. Cent. Florida Investments, Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010). Rule 9(c) provides, in relevant part, that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Here, Tolbert's allegations, although conclusory, are sufficient to satisfy Rule 9(c)'s special pleading standard. *See Myers*, 592 F.3d at 1224; *Hildebrand*, 757 F.3d at 112 (noting that the pleading standards set forth in *Twombly* and *Iqbal* are inapplicable to Rule 9(c)). The court, therefore, denies EAN's motion to dismiss as to Tolbert's Title VII claim.

    2. OADA Claim

Finally, the court considers Tolbert's OADA claim. Motions to dismiss under Rule 12(b)(1) may take one of two forms:

> First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (citations omitted) (internal quotation marks omitted). In reviewing a factual attack, a court's reference to evidence outside the pleadings generally does not require conversion of the motion to one for summary judgment, unless "the jurisdictional question is intertwined with the merits of the case." *Sizova*, 282 F.3d at 1324.

Here, EAN's motion goes well beyond the pleadings and thus constitutes a factual attack. Because the issue of exhaustion is not an aspect of Tolbert's substantive claim of discrimination, the court need not convert the motion to one for summary judgment. *See id.* at 1325. Turning to the merits, Tolbert has not presented any evidence from which the court could conclude that she filed a charge of discrimination within 180 days from the last date of alleged discrimination. *Cf. Drummond v. Armata Logistics, Inc.*, No. 2:13-CV-2633-EFM-KGG, 2014 WL 2897849, at *2 (D. Kan. June 26, 2014) ("Upon challenge to a court's jurisdiction, a plaintiff bears the burden to show, by a preponderance of the evidence, that jurisdiction exists."). Rather, the only evidence she has submitted is an EEOC letter, confirming receipt of her intake questionnaire. That letter was dated well after the expiration of the OADA's 180-day period and contains no indication as to when Tolbert actually submitted her questionnaire. Further, as just mentioned, the letter at issue does not *clearly* indicate whether plaintiff's questionnaire meets all of the requirements necessary to constitute a charge. Without the actual questionnaire, the court cannot reasonably determine whether it has jurisdiction over Tolbert's OADA claim.

As previously mentioned, it does not appear that Tolbert has the questionnaire at this time. In her response brief, she requests limited discovery to resolve this jurisdictional issue. The court agrees that Tolbert should be allowed additional time to gather and present additional evidence regarding this court's jurisdiction over her OADA claim. *See Sizova*, 282 F.3d at 1326. Full blown discovery, however, is not necessary. Rather, the only evidence needed to resolve this jurisdictional issue is the intake questionnaire itself. The court, therefore, will allow plaintiff fourteen (14) days from the filing of this order to obtain and submit her intake questionnaire along with a brief, if desired, addressing whether that document constitutes a timely charge under *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and 25 O.S. § 1350(B). EAN's

response, if any, shall be due seven (7) days thereafter. Failure to timely submit the questionnaire will result in dismissal of the claim.

WHEREFORE, EAN's Motion to Dismiss [Dkt. #11] is granted in part and denied in part. The motion is granted as to Tolbert's FMLA retaliation claim and denied as to her Title VII claim. Tolbert is granted leave to file a second amended complaint, on or before March 11, 2016. The amendments, if any, shall be limited to the deficiencies in her FMLA retaliation claim.

As for Tolbert's OADA claim, additional evidence is necessary to determine whether the court has jurisdiction over this claim. The court, therefore, will allow plaintiff fourteen (14) days from the filing of this order to obtain and submit her EEOC intake questionnaire along with a brief, if desired, addressing whether that document constitutes a timely charge under *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and 25 O.S. § 1350(B). EAN's response, if any, shall be due seven (7) days thereafter. Failure to timely submit the questionnaire will result in dismissal of the claim.

IT IS SO ORDERED this 26th day of February, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT